IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUMITOMO PHARMA SWITZERLAND GMBH, SUMITOMO PHARMA AMERICA, INC., TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA PHARMACEUTICALS INTERNATIONAL AG, and PFIZER INC., | ) ) ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| ANNORA PHARMA PRIVATE LIMITED, HETERO LABS LIMITED, HETERO USA, INC., and CAMBER PHARMACEUTICALS, INC., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT FOR PATENT INFRINGEMENT**

1.      This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 100 et. seq., as well as the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, against Defendants Annora Pharma Private Limited ("Annora") and Defendants Hetero Labs Limited, Hetero USA, Inc., and Camber Pharmaceuticals, Inc. (together, "Hetero" and collectively with Annora, "Defendants").  This action arises out of the submission by Annora and Hetero of Abbreviated New Drug Application ("ANDA") No. 220123 (the "Annora ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell tablets containing 1 mg of estradiol, 0.5 mg of norethindrone acetate, and 40 mg of relugolix, a generic version of Myfembree® (the "ANDA Product"), prior to the expiration of U.S. Patent Nos. 11,795,178, 11,033,551, 11,957,684, and 11,793,812 (collectively, the "Patents-in-Suit").

## PARTIES

2.    Plaintiff Sumitomo Pharma Switzerland GmbH ("SMPS") is a corporation organized and existing under the laws of Switzerland, with its principal place of business at Aeschengraben 27, 4051 Basel, Switzerland.

3.    Plaintiff Sumitomo Pharma America, Inc. ("SMPA") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 84 Waterford Drive, Marlborough, MA 01752.

4.    Plaintiff Takeda Pharmaceutical Company Limited ("Takeda") is a corporation organized and existing under the laws of Japan, with its principal place of business at 1-1, Doshomachi 4-chome, Chuo-ku, Osaka 540-8645, Japan.

5.    Plaintiff Takeda Pharmaceuticals International AG ("Takeda International") is a corporation organized and existing under the laws of Switzerland, with its principal place of business at Thurgauerstrasse 130, Glattpark-Opfikon, Zurich, 8152, Switzerland.

6.    Plaintiff Pfizer Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 66 Hudson Boulevard East, New York, New York 10001.

7.    Plaintiffs SMPS, SMPA, Takeda, Takeda International, and Pfizer are referred to collectively herein as "Plaintiffs."

8.    Upon information and belief, Annora is a corporation organized and existing under the laws of India, with its principal place of business at Survey No. 261, Plot No. 13 & 14, Annaram Village, Gummadidala Mandal, Sangareddy District, Telangana State 502313 India.

9.    Upon information and belief, Hetero Labs Limited is a corporation organized and existing under the laws of India, with its principal place of business at 7-2-A2, Hetero Corporate Industrial Estates, Sanath Nagar, Hyderabad 500 018, Telangana, India.

10.     Upon information and belief, Hetero USA, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1035 Centennial Avenue, Piscataway, NJ 08854.

11.     Upon information and belief, Camber Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 800 Centennial Avenue, Suite 1, Piscataway, NJ 08854.

12.     Upon information and belief, Hetero Labs Limited is the parent company of Defendants Annora, Hetero USA, Inc., and Camber Pharmaceuticals, Inc.

13.     Upon information and belief, Hetero Labs Limited, itself and through its subsidiaries and agents, including Annora, Hetero USA, Inc., and Camber Pharmaceuticals, Inc., develops, manufactures, markets, distributes, and/or imports pharmaceutical products for sale and use throughout the United States, including in Delaware.

14.     Upon information and belief, Annora is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market, including in Delaware.

15.     Upon information and belief, Hetero USA, Inc. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market, including in Delaware.

16.     Upon information and belief, Camber Pharmaceuticals, Inc. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market, including in Delaware.

17. Upon information and belief, Hetero USA, Inc. has been designated as the U.S. agent for Annora in accordance with 21 C.F.R. § 314.50(a) in connection with one or more ANDAs.

18. Upon information and belief, Hetero USA, Inc. is the U.S. agent for Annora with the FDA with respect to the Annora ANDA.

19. Upon information and belief, Hetero Labs Limited is the holder of relugolix Drug Master File ("DMF") No. 40410.

20. Upon information and belief, Annora, Hetero Labs Limited, and Hetero USA, Inc. acted collaboratively in the preparation and submission of the Annora ANDA.

21. Upon information and belief, following any FDA approval of the Annora ANDA, Annora and Hetero will make, use, offer to sell, and/or sell the ANDA Product that is the subject of the Annora ANDA throughout the United States, including in Delaware, and/or import such generic products into the United States, including into Delaware.

## JURISDICTION AND VENUE

22. This case arises under the patent laws of the United States of America, 35 U.S.C. §§ 100 et. seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

23. This Court has personal jurisdiction over Hetero USA, Inc. at least because Hetero USA, Inc. is a corporation organized and existing under the laws of Delaware.

24. This Court has personal jurisdiction over Camber Pharmaceuticals, Inc. at least because Camber Pharmaceuticals, Inc. is a corporation organized and existing under the laws of Delaware.

25. This Court has personal jurisdiction over Annora and Hetero Labs Limited because, among other things, Annora and Hetero Labs Limited have committed, contributed, and/or

participated in an act of patent infringement under 35 U.S.C. § 271(e)(2) and intend to engage in a future course of conduct that includes acts of patent infringement under 35 U.S.C. §§ 271(a), (b) and/or (c), including in Delaware. These acts have led and will lead to foreseeable harm and injury to Plaintiffs. For example, upon information and belief, following approval of the Annora ANDA, Annora and Hetero Labs Limited either directly or indirectly through affiliated companies or agents will make, use, import, sell, and/or offer for sale the ANDA Product in the United States, including in Delaware, prior to the expiration of the Patents-in-Suit.

26. The Court also has personal jurisdiction over Annora and Hetero Labs Limited because, among other things, this action arises from actions of Annora and Hetero Labs Limited directed toward Delaware, and because Annora and Hetero Labs Limited have purposefully availed themselves of the rights and benefits of Delaware law by engaging in systematic and continuous contacts with Delaware. Upon information and belief, Annora and Hetero Labs Limited regularly and continuously transact business within Delaware, including by selling pharmaceutical products in Delaware either directly or indirectly through affiliated companies or agents. Upon information and belief, Annora and Hetero Labs Limited derive substantial revenue from the sale of those products in Delaware and have availed themselves of the privilege of conducting business within Delaware.

27. The Court also has personal jurisdiction over Annora pursuant to Federal Rule of Civil Procedure 4(k)(1) or 4(k)(2) because: (a) Annora is subject to the general jurisdiction of the laws of Delaware; and (b) to the extent that Annora is not subject to personal jurisdiction in the courts of any state, Plaintiffs' claims arise under federal law and Annora has sufficient contacts with the United States as a whole, including but not limited to marketing and/or selling generic

pharmaceutical products that are distributed and sold throughout the United States, such that this Court's exercise of jurisdiction over Annora satisfies due process.

28.    The Court also has personal jurisdiction over Hetero Labs Limited pursuant to Federal Rule of Civil Procedure 4(k)(1) or 4(k)(2) because: (a) Hetero Labs Limited is subject to the general jurisdiction of the laws of Delaware; and (b) to the extent that Hetero Labs Limited is not subject to personal jurisdiction in the courts of any state, Plaintiffs' claims arise under federal law and Hetero Labs Limited has sufficient contacts with the United States as a whole, including but not limited to marketing and/or selling generic pharmaceutical products that are distributed and sold throughout the United States, such that this Court's exercise of jurisdiction over Hetero Labs Limited satisfies due process.

29.    Annora, Hetero Labs Limited, Hetero USA, Inc., and Camber Pharmaceuticals, Inc. have also previously availed themselves of this forum for the purpose of litigating patent infringement disputes, including filing counterclaims in patent infringement disputes, including:

- *Harmony Biosciences, LLC et al. v. Annora Pharma Priv. Ltd., et al.*, C.A. No. 23-1340-JLH (D. Del.)

- *Azurity Pharms., Inc. v. Annora Pharma Priv. Ltd. & Camber Pharms., Inc.*, C.A. No. 21-196-MSG (D. Del.)

- *Azurity Pharms., Inc. v. Annora Pharma Priv. Ltd.*, C.A. No. 20-753-LPS (D. Del.)

- *UCB, Inc. et al v. Annora Pharma Priv. Ltd. et al.*, C.A. No. 20-987-CFC (D. Del.)

- *Boehringer Ingelheim Pharms. Inc. et al v. Annora Pharma Priv. Ltd. et al.*, C.A. No. 20-277-CFC (D. Del.)

- *Boehringer Ingelheim Pharms. Inc. et al v. Annora Pharma Priv. Ltd. et al.*, C.A. No. 18-1786-CFC (D. Del.)

- *Abbvie Inc. v. Hetero USA, Inc., Hetero Labs Limited, Hetero Labs Limited Unit-V et al.*, C.A. No. 23-1332-MN (D. Del.)

- *Ingenus Pharms., LLC v. Hetero USA, Inc. Hetero Labs Limited et al.*, C.A. No. 24-1025-JLH (D. Del.)

- *Breckenridge Pharm., Inc. v. Hetero USA, Inc., Hetero Labs Limited, Camber Pharms., Inc. et al.*, C.A. No. 24-571-GBW (D. Del.)

- *Orion Corp. et al. v. Hetero USA, Inc., Hetero Labs Limited Unit-V & Hetero Labs Limited*, C.A. 23-1221-JLH (D. Del.)

- *Novartis Pharms. Corp. v. Hetero USA, Inc., Hetero Labs Limited et al.*, C.A. No. 21-1330-LPS (D. Del.)

- *Gilead Scis., Inc. v. Hetero USA, Inc., Hetero Labs Limited Unit-V, Hetero Labs Limited et al.*, C.A. No. 20-189-MN (D. Del.)

- *Genentech, Inc. et al. v. Hetero Labs Limited, Hetero Labs Limited Unit V & Hetero USA, Inc.*, C.A. No. 19-178-RGA (D. Del.)

- *Novartis Pharms. Corp. v. Hetero USA, Inc., Hetero Labs Limited Unit-V & Hetero Labs Limited et al.*, C.A. No. 18-1043-LPS (D. Del.)

- *Biogen Int'l GmbH v. Hetero USA, Inc., Hetero Labs Limited et al.*, C.A. No. 17-825-LPS (D. Del.)

- *Bristol-Myers Squibb Co. & Pfizer Inc. v. Hetero USA Inc., Hetero Labs Limited & Hetero Labs Limited Unit-V*, C.A. No. 17-376-LPS (D. Del.)

30.     Venue is proper in this Court as to Annora under 28 U.S.C. § 1391(c)(3) because, upon information and belief, Annora is a foreign corporation and may thus be sued in any judicial district.

31.     Venue is proper in this Court as to Hetero Labs Limited under 28 U.S.C. § 1391(c)(3) because, upon information and belief, Hetero Labs Limited is a foreign corporation and may thus be sued in any judicial district.

32.     Venue is proper in this Court as to Hetero USA, Inc. under 28 U.S.C. § 1400(b) because, *inter alia*, Hetero USA, Inc. is incorporated in Delaware.

33.     Venue is proper in this Court as to Camber Pharmaceuticals, Inc. under 28 U.S.C. § 1400(b) because, *inter alia*, Camber Pharmaceuticals, Inc. is incorporated in Delaware.

## BACKGROUND

34.     Myfembree® is a combination of relugolix, estradiol (E2), and norethindrone acetate (NETA), for oral administration, approved by the FDA for the management of heavy menstrual bleeding associated with uterine leiomyomas (fibroids) in premenopausal women and management of moderate to severe pain associated with endometriosis in premenopausal women. Myfembree® is marketed in the United States pursuant to New Drug Application (NDA) No. 214846, which was approved by the FDA on May 26, 2021.  SMPS holds the NDA for Myfembree®.

35.     The Patents-in-Suit cover Myfembree® and/or or its FDA-approved methods of use, and have been properly listed in connection with Myfembree® in the FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations*, referred to as the "Orange Book."

36.     U.S. Patent No. 11,795,178 ("the '178 Patent"), titled "Compositions of Thienopyrimidine Derivatives" (Ex. A), was duly and legally issued on October 24, 2023, and will expire on September 27, 2033.  Takeda owns the '178 Patent.

37.     U.S. Patent No. 11,033,551 ("the '551 Patent"), titled "Methods of Treating Uterine Fibroids" (Ex. B), was duly and legally issued on June 15, 2021, and will expire on September 29, 2037.  SMPS and Takeda jointly own the '551 Patent.

38.    U.S. Patent No. 11,957,684 ("the '684 Patent"), titled "Treatment of Heavy Menstrual Bleeding Associated with Uterine Fibroids" (Ex. C), was duly and legally issued on April 16, 2024, and will expire on September 29, 2037.  SMPS and Takeda jointly own the '684 Patent.

39.    U.S. Patent No. 11,793,812 ("the '812 Patent"), titled "Methods of Treating Endometriosis" (Ex. D), was duly and legally issued on October 24, 2023, and will expire on May 3, 2038.  SMPS and Takeda jointly own the '812 Patent.

40.    Takeda International and SMPS are exclusive licensees of the Patents-in-Suit. Pfizer is an exclusive licensee of the '178 Patent.

41.    Myfembree® is marketed and sold by SMPA throughout the United States, including in Delaware.

42.    By letter dated February 14, 2025, Annora notified SMPS, SMPA, and Takeda that Annora had submitted the Annora ANDA to the FDA for tablets containing 1 mg of estradiol, 0.5 mg of norethindrone acetate, and 40 mg of relugolix, a generic version of Myfembree®.

43.    By submitting the Annora ANDA, Annora and Hetero have represented to the FDA that the ANDA Product has the same active ingredients as Myfembree®, has the same dosage form and strength as Myfembree®, and is bioequivalent to Myfembree®.

44.    In Annora's Paragraph IV Notice Letter, dated February 14, 2025 ("Notice Letter"), Annora stated that the Annora ANDA included a paragraph IV certification pursuant to 21 U.S.C. § 355(j) with respect to the Patents-in-Suit, and alleged that the Patents-in-Suit are invalid or will not be infringed by the commercial manufacture, use, or sale of the ANDA Product.  The Notice Letter further stated that Annora is seeking approval to engage in the commercial manufacture, use, offer for sale, sale, or importation of the ANDA Product before the Patents-in-Suit expire.

45.    Upon information and belief, Annora and Hetero had knowledge of the Patents-in-Suit no later than when the Annora ANDA was submitted to the FDA.

46.    Upon information and belief, Annora and Hetero intend to engage in the manufacture, use, offer for sale, sale, and/or importation of the ANDA Product immediately and imminently upon approval of the Annora ANDA.

47.    This action is being commenced before the expiration of 45 days from the date of Plaintiffs' receipt of the Notice Letter.

## CLAIMS FOR RELIEF

## COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 11,795,178

48.    Plaintiffs incorporate each of the preceding paragraphs 1-47 as if fully set forth herein.

49.    Annora's and Hetero's submission of the Annora ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product before the expiration of the '178 Patent constituted an act of infringement of at least claims 1 and 25-28 of the '178 Patent, under 35 U.S.C. § 271(e)(2)(A).  In the Notice Letter, Annora did not present any allegations that Annora and Hetero will not infringe claims 1 and 25-28 of the '178 Patent.

50.    Annora's and Hetero's commercial manufacture, use, offer for sale, sale and/or importation of the ANDA Product and/or its active ingredient prior to expiration of the '178 Patent, and Annora's and Hetero's inducement of and/or contribution to such conduct, would further infringe at least claims 1 and 25-28 of the '178 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b), and/or (c).

51.    Upon FDA approval of the Annora ANDA, Annora and Hetero will infringe at least claims 1 and 25-28 of the '178 Patent, either literally or under the doctrine of equivalents, by

making, using, offering to sell, selling, and/or importing the ANDA Product and/or its active ingredient, and/or by actively inducing and contributing to infringement of at least claims 1 and 25-28 of the '178 Patent by others, including but not limited to healthcare providers and patients, under 35 U.S.C. § 271(a), unless enjoined by the Court. Such infringement is imminent because, among other things, Annora has notified Plaintiffs of the submission of Annora's and Hetero's ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product before the expiration of the '178 Patent.

52.    Upon information and belief, Annora and Hetero will actively induce infringement of at least claims 1 and 25-28 of the '178 Patent under 35 U.S.C. § 271(b) by encouraging others, including but not limited to healthcare providers and patients, to make, use, offer for sale, sell, or import the ANDA Product in the United States. Upon information and belief, immediately and imminently upon FDA approval of the Annora ANDA, Annora and Hetero will intentionally encourage acts of direct infringement by others, including but not limited to healthcare providers and patients, with knowledge of the '178 Patent and with knowledge that their acts are encouraging infringement.

53.    Unless enjoined by this Court, upon FDA approval of the Annora ANDA, Annora and Hetero will contributorily infringe at least claims 1 and 25-28 of the '178 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing the ANDA Product and/or its active ingredient in the United States. The ANDA Product and/or its active ingredient constitute a material part of the inventions of the claims of the '178 Patent. Upon information and belief, Annora and Hetero know that the ANDA Product and/or its active ingredient are especially made or adapted for use in infringing the '178 Patent, and that the ANDA Product and/or its active ingredient are not a staple article or commodity of commerce suitable for substantial noninfringing

use.  Upon information and belief, Annora and Hetero plan and intend to, and will, contribute to the infringement of the '178 Patent immediately and imminently upon approval of the Annora ANDA.

54.     A substantial and justiciable controversy exists between the parties as to the infringement of the '178 Patent.

55.     Pursuant to 28 U.S.C. § 2201, Plaintiffs are entitled to a declaratory judgment that Annora's and Hetero's making, using, offering to sell, selling, and/or importing the ANDA Product will infringe the '178 Patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

56.     Upon information and belief, Annora and Hetero acted, and upon FDA approval of the Annora ANDA, will act, without a reasonable basis for believing that they would not be liable for directly and/or indirectly infringing the '178 Patent.  This is an exceptional case.

57.     Unless Annora and Hetero are enjoined from directly or indirectly infringing the '178 Patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT II:  INFRINGEMENT OF U.S. PATENT NO. 11,033,551

58.     Plaintiffs incorporate each of the preceding paragraphs 1-57 as if fully set forth herein.

59.     Annora's and Hetero's submission of the Annora ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product before the expiration of the '551 Patent constituted an act of infringement of at least claims 1, 5-6, 9, 10-15, 19-21, and 25 of the '551 Patent, under 35 U.S.C. § 271(e)(2)(A).

60.     Annora's and Hetero's commercial manufacture, use, offer for sale, sale and/or importation of the ANDA Product and/or its active ingredient prior to expiration of the '551 Patent, and Annora's and Hetero's inducement of and/or contribution to such conduct, would further

infringe at least claims 1, 5-6, 9, 10-15, 19-21, and 25 of the '551 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b), and/or (c).

61.    Upon FDA approval of the Annora ANDA, Annora and Hetero will infringe at least claims 1, 5-6, 9, 10-15, 19-21, and 25 of the '551 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the ANDA Product and/or its active ingredient, and/or by actively inducing and contributing to infringement of the '551 Patent by others, including but not limited to healthcare providers and patients, under 35 U.S.C. § 271(a), unless enjoined by the Court.  Such infringement is imminent because, among other things, Annora has notified Plaintiffs of the submission of Annora's and Hetero's ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product before the expiration of the '551 Patent.

62.    Upon information and belief, Annora and Hetero will actively induce infringement of at least claims 1, 5-6, 9, 10-15, 19-21, and 25 of the '551 Patent under 35 U.S.C. § 271(b) by encouraging others, including but not limited to healthcare providers and patients, to make, use, offer for sale, sell, or import the ANDA Product in the United States.  Upon information and belief, immediately and imminently upon FDA approval of the Annora ANDA, Annora and Hetero will intentionally encourage acts of direct infringement by others, including but not limited to healthcare providers and patients, with knowledge of the '551 Patent and with knowledge that their acts are encouraging infringement.  For example, marketing the ANDA Product with its proposed labeling will induce healthcare providers and patients to practice the claimed methods of the '551 Patent.

63.    Unless enjoined by this Court, upon FDA approval of the Annora ANDA, Annora and Hetero will contributorily infringe at least claims 1, 5-6, 9, 10-15, 19-21, and 25 of the '551

Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing the ANDA Product and its proposed labeling in the United States. The ANDA Product and its proposed labeling are materials for use in practicing methods claimed in the '551 Patent and constitute a material part of those claims' inventions. Upon information and belief, Annora and Hetero know that the ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '551 Patent, and that the ANDA Product and its proposed labeling are not a staple article or commodity of commerce suitable for substantial noninfringing use. Upon information and belief, Annora and Hetero plan and intend to, and will, contribute to the infringement of the '551 Patent immediately and imminently upon approval of the Annora ANDA.

64. A substantial and justiciable controversy exists between the parties as to the infringement of the '551 Patent.

65. Pursuant to 28 U.S.C. § 2201, Plaintiffs are entitled to a declaratory judgment that Annora's and Hetero's making, using, offering to sell, selling, and/or importing the ANDA Product, inducement thereof or contribution thereto, will infringe the '551 Patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

66. Upon information and belief, Annora and Hetero acted, and upon FDA approval of the Annora ANDA, will act, without a reasonable basis for believing that they would not be liable for directly and/or indirectly infringing the '551 Patent. This is an exceptional case.

67. Unless Annora and Hetero are enjoined from directly or indirectly infringing the '551 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

### COUNT III:  INFRINGEMENT OF U.S. PATENT NO. 11,957,684

68. Plaintiffs incorporate each of the preceding paragraphs 1-67 as if fully set forth herein.

69.    Annora's and Hetero's submission of the Annora ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product before the expiration of the '684 Patent constituted an act of infringement of at least claims 1-5, 7, 11, 16, and 20-22 of the '684 Patent, under 35 U.S.C. § 271(e)(2)(A).  In the Notice Letter, Annora did not present any allegations that Annora and Hetero will not infringe claims 1-2, 7, and 21-22 of the '684 Patent upon FDA approval of the Annora ANDA.

70.    Annora's and Hetero's commercial manufacture, use, offer for sale, sale and/or importation of the ANDA Product and/or its active ingredient prior to expiration of the '684 Patent, and Annora's and Hetero's inducement of and/or contribution to such conduct, would further infringe at least claims 1-5, 7, 11, 16, and 20-22 of the '684 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b), and/or (c).

71.    Upon FDA approval of the Annora ANDA, Annora and Hetero will infringe at least claims 1-5, 7, 11, 16, and 20-22 of the '684 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the ANDA Product and/or its active ingredient, and/or by actively inducing and contributing to infringement of the '684 Patent by others, including but not limited to healthcare providers and patients, under 35 U.S.C. § 271(a), unless enjoined by the Court.  Such infringement is imminent because, among other things, Annora has notified Plaintiffs of the submission of Annora's and Hetero's ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product before the expiration of the '684 Patent.

72.    Upon information and belief, Annora and Hetero will actively induce infringement of at least claims 1-5, 7, 11, 16, and 20-22 of the '684 Patent under 35 U.S.C. § 271(b) by encouraging others, including but not limited to healthcare providers and patients, to make, use,

offer for sale, sell, or import the ANDA Product in the United States.  Upon information and belief, immediately and imminently upon FDA approval of the Annora ANDA, Annora and Hetero will intentionally encourage acts of direct infringement by others, including but not limited to healthcare providers and patients, with knowledge of the '684 Patent and with knowledge that their acts are encouraging infringement.  For example, marketing the ANDA Product with its proposed labeling will induce healthcare providers and patients to practice the claimed methods of the '684 Patent.

73.    Unless enjoined by this Court, upon FDA approval of the Annora ANDA, Annora and Hetero will contributorily infringe at least claims 1-5, 7, 11, 16, and 20-22 of the '684 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing the ANDA Product and its proposed labeling in the United States.  The ANDA Product and its proposed labeling are materials for use in practicing methods claimed in the '684 Patent and constitute a material part of those claims' inventions.    Upon information and belief, Annora and Hetero know that the ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '684 Patent, and that the ANDA Product and its proposed labeling are not a staple article or commodity of commerce suitable for substantial noninfringing use.  Upon information and belief, Annora and Hetero plan and intend to, and will, contribute to the infringement of the '684 Patent immediately and imminently upon approval of the Annora ANDA.

74.    A substantial and justiciable controversy exists between the parties as to the infringement of the '684 Patent.

75.    Pursuant to 28 U.S.C. § 2201, Plaintiffs are entitled to a declaratory judgment that Annora's and Hetero's making, using, offering to sell, selling, and/or importing the ANDA

Product, inducement thereof or contribution thereto, will infringe the '684 Patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

76.    Upon information and belief, Annora and Hetero acted, and upon FDA approval of the Annora ANDA, will act, without a reasonable basis for believing that they would not be liable for directly and/or indirectly infringing the '684 Patent.  This is an exceptional case.

77.    Unless Annora and Hetero are enjoined from directly or indirectly infringing the '684 Patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

### COUNT IV:  INFRINGEMENT OF U.S. PATENT NO. 11,793,812

78.    Plaintiffs incorporate each of the preceding paragraphs 1-77 as if fully set forth herein.

79.    Annora's and Hetero's submission of the Annora ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product before the expiration of the '812 Patent constituted an act of infringement of at least claims 1 and 4 of the '812 Patent, under 35 U.S.C. § 271(e)(2)(A).

80.    Annora's and Hetero's commercial manufacture, use, offer for sale, sale and/or importation of the ANDA Product and/or its active ingredient prior to expiration of the '812 Patent, and Annora's and Hetero's inducement of and/or contribution to such conduct, would further infringe at least claims 1 and 4 of the '812 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b), and/or (c).

81.    Upon FDA approval of the Annora ANDA, Annora and Hetero will infringe at least claims 1 and 4 of the '812 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the ANDA Product and/or its active ingredient, and/or by actively inducing and contributing to infringement of the '812 Patent by others, including but not limited to healthcare providers and patients, under 35 U.S.C. § 271(a), unless enjoined by

the Court. Such infringement is imminent because, among other things, Annora has notified Plaintiffs of the submission of Annora's and Hetero's ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product before the expiration of the '812 Patent.

82.    Upon information and belief, Annora and Hetero will actively induce infringement of at least claims 1 and 4 of the '812 Patent under 35 U.S.C. § 271(b) by encouraging others, including but not limited to healthcare providers and patients, to make, use, offer for sale, sell, or import the ANDA Product in the United States. Upon information and belief, immediately and imminently upon FDA approval of the Annora ANDA, Annora and Hetero will intentionally encourage acts of direct infringement by others, including but not limited to healthcare providers and patients, with knowledge of the '812 Patent and with knowledge that their acts are encouraging infringement. For example, marketing the ANDA Product with its proposed labeling will induce healthcare providers and patients to practice the claimed methods of the '812 Patent.

83.    Unless enjoined by this Court, upon FDA approval of the Annora ANDA, Annora and Hetero will contributorily infringe at least claims 1 and 4 of the '812 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing the ANDA Product and its proposed labeling in the United States. The ANDA Product and its proposed labeling are materials for use in practicing methods claimed in the '812 Patent and constitute a material part of those claims' inventions. Upon information and belief, Annora and Hetero know that the ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '812 Patent, and that the ANDA Product and its proposed labeling are not a staple article or commodity of commerce suitable for substantial noninfringing use. Upon information and belief, Annora and Hetero plan

and intend to, and will, contribute to the infringement of the '812 Patent immediately and imminently upon approval of the Annora ANDA.

84.    A substantial and justiciable controversy exists between the parties as to the infringement of the '812 Patent.

85.    Pursuant to 28 U.S.C. § 2201, Plaintiffs are entitled to a declaratory judgment that Annora's and Hetero's making, using, offering to sell, selling, and/or importing the ANDA Product, inducement thereof or contribution thereto, will infringe the '812 Patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

86.    Upon information and belief, Annora and Hetero acted, and upon FDA approval of the Annora ANDA, will act, without a reasonable basis for believing that they would not be liable for directly and/or indirectly infringing the '812 Patent.  This is an exceptional case.

87.    Unless Annora and Hetero are enjoined from directly or indirectly infringing the '812 Patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask that this Court grant the following relief:

(a)    A judgment that the claims of the '178 Patent, the '551 Patent, the '684 Patent, and the '812 Patent were infringed by Annora's and Hetero's submission of the Annora ANDA under 35 U.S.C. § 271(e)(2)(A), and that Annora's and Hetero's manufacture, use, offer to sell, sale, or importation of the ANDA Product, inducement thereof or contribution thereto, prior to the expiration of the '178 Patent, the '551 Patent, the '684 Patent, and the '812 Patent, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled, will infringe the '178 Patent, the '551 Patent, the '684 Patent, and the '812 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b), and/or (c);

(b)    A judgment that the claims of the '178 Patent, the '551 Patent, the '684 Patent, and the '812 Patent are not invalid;

(c)    An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of the Annora ANDA shall not be earlier than the expiration of the '178 Patent, the '551 Patent, the '684 Patent, and the '812 Patent, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

(d)    A declaratory judgment that Annora's and Hetero's manufacture, use, offer to sell, sale, or importation, including inducement thereof and contribution thereto, of the ANDA Product and/or its active ingredient prior to the expiration of the '178 Patent, the '551 Patent, the '684 Patent, and the '812 Patent, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled, would infringe the '178 Patent, the '551 Patent, the '684 Patent, and the '812 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b), and/or (c);

(e)    An Order permanently enjoining Annora and/or Hetero and their affiliates, subsidiaries, and each of their officers, agents, servants and employees and those acting in privity or concert with Annora and/or Hetero, from making, using, offering to sell, selling, or importing the ANDA Product and/or its active ingredient until after the expiration of the Patents-in-Suit, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

(f)    Damages or other monetary relief, including costs, attorneys' fees, pre-judgement interest and post-judgment interest to Plaintiffs if Annora and/or Hetero engage in commercial manufacture, use, offers to sell, sale, or importation into the United States of the ANDA Product

prior to the expiration of the Patents-in-Suit, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

(g)    Declaring this to be an exceptional case pursuant to 35 U.S.C. § 285 entitling Plaintiffs to their attorneys' fees and enhanced damages; and

(h)    Such further and other relief as this Court deems proper and just.


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*
_____

OF COUNSEL:

Lisa J. Pirozzolo
Emily R. Whelan
Kevin S. Prussia
Jacqueline W. Vieira
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Scott G. Greene
Cindy Kan, Ph.D.
Mary Pheng
Gillian T. Farrell
Xinni Cai
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

*Attorneys for Plaintiffs Sumitomo Pharma*
*Switzerland GmbH, Sumitomo Pharma*
*America, Inc., Takeda Pharmaceutical*
*Company Limited, and Takeda*
*Pharmaceuticals International AG*

Karen Jacobs (#2881)
Rodger D. Smith II (#3778)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
kjacobs@morrisnichols.com
rsmith@morrisnichols.com
jying@morrisnichols.com

*Attorneys for Plaintiffs Sumitomo Pharma*
*Switzerland GmbH, Sumitomo Pharma America,*
*Inc., Takeda Pharmaceutical Company Limited,*
*Takeda Pharmaceuticals International AG, and*
*Pfizer Inc.*

David De Lorenzi
Christopher Strate
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500

*Attorneys for Plaintiffs Sumitomo Pharma*
*Switzerland GmbH, Sumitomo Pharma*
*America, Inc., Takeda Pharmaceutical*
*Company Limited, Takeda Pharmaceuticals*
*International AG, and Pfizer Inc.*

March 27, 2025